## PATRICK T. MAGUIRE *v.* NATHANIEL M. SAFFORD.

### Norfolk, June, 1901.

*Way — By Necessity — In Favor of Reversion, Notwithstanding Grant to Estate in Dower.*

In this case the petitioner's land is divided into two tracts, separated by the estate of the respondent. All three tracts came originally from an estate belonging to one James Adams. In the settlement of the Adams estate the two tracts now belonging to the petitioner were set off to the widow as dower. The tract now of the respondent was sold by the administrator of the Adams estate for the payment of debts. A well defined way originally existed from the inner tract now belonging to the petitioner through the respondent's land to the homestead and thence to the street. In the set-off of the widow's dower there was given by the commissioners " privileges of passing and re-passing through said other lands and tanyard (now estate of the respondent), to and from said two acre lot to cultivate and improve same." The land now of the respondent was for many years leased to the owner of the reversion.

The petitioner claims a right over said way either by grant, prescription or necessity. The respondent denies him any right of way whatever.

As to the right claimed by grant, the easement assigned to the widow in her set-off of dower ceased with her dower estate. Hoffman *v.* Savage, 15 Mass. 130.

No right of way can have been acquired by prescription, because the use began in grant, and was mainly continued under a lease-hold right until within the statutory period.

As to a way by necessity, it is argued that the necessity must exist at the time of the original separation of the tracts, and that if there was then a way out for the alleged dominant estate, no grant will be presumed from necessity. But the time of the real separation of these estates was the time of the administrator's sale. The set-off in dower was not a separation of the land or of the fee in the land, but merely of the use of the land for a limited period. Notwithstanding the assignment of a right of way to the dowager in her set-off of dower, or rather regardless of such assignment, a right of way by necessity arose upon the administrator's sale for the payment of debts of that portion of the estate which had not been set off in dower, over the tract so sold, in favor of the two acre dower tract now belonging to the petitioner. Symmes v. Drew, 21 Pick. 278. Viall v. Carpenter, 14 Gray 126. This is not the case of an administrator attempting to impose an easement upon land of the intestate other than that which he was then selling as in Baker v. Willard, 171 Mass. 220, 226.

The respondent further contends that if a right of way by necessity existed, it determined upon the acquirement by the owner of the dominant estate of an undivided interest in another estate adjoining his inner tract and lying between that and a more convenient public street. It does not seem to me that even if the petitioner by this last purchase has acquired a right of way as against his co-owners over the tract in which he holds an undivided interest, (which is, to say the least, doubtful) that he can increase that burden by a user in favor of the inner lot, which he owns individually. Zell v. Universalist Society, 119 Pa. St. 390. Greene v. Canny, 137 Mass. 64.

(Note, and see Hazen v. Mathews, 184 Mass. 388, 393.)

Decree for petitioner of right of way by necessity.

R. W. Light for Petitioner.

Z. S. Arnold for Respondent.